UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LAMON LAMAR BARNES,

    Plaintiff,

v.                         Case No. 11-CV-0968

BROWN COUNTY, TROY STRECKENBACH,
GUY ZIMA, JOHN LUETSCHER, DENNIS KOCKEN,
LARRY MALCOMSON, PHIL STEFFEN, HEIDI MICHEL,
MISTY ANDERSON, and RALPH LEYENDECKER,

    Defendants.

## DECISION AND ORDER ON PLAINTIFF'S MOTION
## FOR LEAVE TO PROCEED IN FORMA PAUPERIS

The plaintiff, who is incarcerated at Brown County Jail, filed a pro se complaint under 42 U.S.C. § 1983. This matter comes before the court on the plaintiff's motion for leave to proceed in forma pauperis and for screening of the plaintiff's complaint.

The plaintiff is required to pay the statutory filing fee of $350.00 for this action. *See* 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed in forma pauperis. The plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $27.00. The plaintiff's motion will be granted.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation

was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The document filed as the plaintiff's complaint appears to be two copies of the plaintiff's complaint, one handwritten and the other typed, but only the handwritten copy contains the plaintiff's signature. The court will construe the signature to apply to the entire document but only consider the substance of the complaint once.

According to the complaint, on January 11, 2011, the plaintiff was taken into custody by two Brown County Sheriff's deputies, defendants Dennis Kocken and Larry Malcomson, and transported to the Brown County Jail. Pretrial detainees at the Brown County Jail are charged $20.00/day.

After being booked into the Brown County Jail, the plaintiff was issued a financial disclosure form stipulating that he is required to fill out the form or face legal penalties. However, the Wisconsin statutes listed on the form did not apply to the plaintiff as a pretrial detainee. The plaintiff questioned the intake officer about being charged a daily charge of $20.00, and the plaintiff was issued an inmate notice stating that all pretrial detainees would be charged. For six months, the plaintiff relied on the false representations of the financial disclosure form and inmate notice.

On July 7, 2011, the plaintiff reviewed the statutes because his family was angry that money they sent to him was funding his stay. The plaintiff determined that the law is unconstitutional because it does not apply to pretrial detainees charged with felonies. Wis. Stat. § 302.372.

3
Case 2:11-cv-00968-NJ   Filed 01/04/12   Page 3 of 7   Document 7

The plaintiff filed a grievance on July 8, 2011, asserting that the statute relied upon to seize his money did not apply to him. On July 15, 2011, defendant Misty Anderson dismissed the plaintiff's grievance as unfounded. She stated that the plaintiff's money would be returned to him if he was found innocent of the alleged charges. The plaintiff entered a level one appeal of his grievance, which was dismissed as unfounded. He again was advised that the money seized would be returned to the plaintiff if he was found not guilty.

On August 3, 2011, defendant Heidi Michel indicated that she did not know what answer the plaintiff was looking for and directed the plaintiff to Brown County Board of Supervisors. The plaintiff sent a letter on August 7, 2011, to defendants Troy Streckenbach (Brown County Executive) and Guy Zima (Chairman of the Brown County Board of Supervisors). He also requested that Michel send him a copy of the Brown County "pay for stay" ordinance, but she refused. (Complaint, p. 5). On August 10, 2011, the plaintiff submitted a final appeal regarding the charge to the jail administrator, defendant Larry Malcomson. Defendant Phil Steffen dismissed the appeal the next day as Malcomson's designee. The plaintiff then submitted another grievance, which was dismissed and withdrawn by defendant Ralph Leyendecker on August 14, 2011, because the plaintiff had already grieved about that issue.

The plaintiff contacted the Wisconsin Department of Corrections and was told that it had no control over Brown County's fee collection. He was advised to contact Brown County directly. On September 17, 2011, the plaintiff wrote to defendant John Luetscher, Brown County Corporation Counsel. In a September 23, 2011, response, Luetscher informed the plaintiff that the $20.00 per day fee is not an ordinance, but a resolution set by the Brown County Board of Supervisors that is adopted into the county budget each year.

The plaintiff challenges Brown County's application of Wis. Stat. § 303.372 to pretrial detainees at the Brown County Jail. He asserts that the application of this statute to pretrial

detainees violates his right to due process before being deprived of property (in this case, $20.00 per day). He further asserts that each of the named defendants either acted to enforce this illegal application of the statute to the plaintiff, a pretrial detainee, or failed to investigate his complaints or grievances when he raised this issue. The plaintiff seeks an injunction to stop the seizure of his money and reimburse him for payments already made, as well as compensatory and punitive damages.

Wisconsin Statute § 302.372(2)(a) provides that "a county may seek reimbursement for any expenses incurred by the county jail in relation to the crime for which a person who was sentenced to a county jail . . . ." The county may seek "[f]rom each person who is or was a prisoner, not more than the actual per-day cost of maintaining that prisoner, as set by the county board by ordinance, for the entire period of time that the person is or was confined in the jail, including any period of pretrial detention." Wis. Stat. § 302.372(2)(a)1. The statute also provides for the disclosures a county must make before seeking reimbursement and allows the jailer to choose the method it uses to seek reimbursement for the expenses. Wis. Stat. §§ 302.372(2)(b) and 302.372(2)(d). "The jailer may charge a prisoner for the expenses . . . while he or she is a prisoner," Wis. Stat. § 302.372(5), or, after the release of a prisoner from jail, the county may commence a civil action in circuit court to obtain a judgment for the expenses, Wis. Stat. § 302.372(6).

The plaintiff may proceed on Fourteenth Amendment due process claims against each of the individual defendants and a claim against Brown County that its policy of applying Wis. Stat. § 302.372 to pretrial detainees violates the Fourteenth Amendment.

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's motion for leave to proceed in forma pauperis (Docket #3) is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon the defendants pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS ALSO ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the Brown County Sheriff shall collect from the plaintiff's prison trust account the $323.00 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that a copy of this order be sent to the Brown County Sheriff.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

>Honorable Nancy Joseph
>% Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is notified that from now on, he is required under Federal Rule of Civil Procedure 5(a) to send a copy of every paper or document with the court to the opposing party or, if the opposing party is represented by counsel, to counsel for that party. Fed. R. Civ. P. 5(b). The plaintiff should also retain a personal copy of each document. If the plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to the opposing party or that party's attorney, if the party is represented by an attorney.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this  4th  day of January, 2012.

BY THE COURT:

s/ *NANCY JOSEPH*
NANCY JOSEPH
United States Magistrate Judge