# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**LAMON LAMAR BARNES,**

    **Plaintiff,**

    v.                                Case No. 11-CV-00968

**BROWN COUNTY, TROY STRECKENBACH,
GUY ZIMA, JOHN LUETSCHER, DENNIS KOCKEN,
LARRY MALCOMSON, PHIL STEFFEN, HEIDI MICHEL,
MISTY ANDERSON, and RALPH LEYENDECKER,**

    **Defendants.**

## ORDER

    Pro se plaintiff Lamon Lamar Barnes is proceeding in forma pauperis on the following claims under 42 U.S.C. § 1983 regarding the Brown County Jail's application of "Pay for Stay" to pretrial detainees: (1) Fourteenth Amendment due process claims against each of the individual defendants; and (2) a claim against Brown County that its policy of applying Wis. Stat. § 302.372 to pretrial detainees violates the Fourteenth Amendment. This matter is now before me on a number of motions filed by the parties. I will address plaintiff's motion for partial summary judgment and defendants' motion for summary judgment in a separate order.

    On May 22, 2012, plaintiff filed a motion to compel discovery. He also filed a second motion to compel discovery on July 12, 2012. These motions are substantively the same, challenging the adequacy of defendants' answers to his discovery requests. First, plaintiff asserts the responses were six days late and, as a result, all defendants' objections should be waived. Second, plaintiff responds to defendants' objections, without acknowledging

that, subject to their objections, defendants answered each interrogatory and request. Third, plaintiff believes that defendants' responses, especially to his requests for admissions, were inadequate and asks me to order defendants to answer them "without equivocation or subterfuge." (Second M. Compel Discovery, ECF No. 77.)

Under Federal Rule of Civil Procedure 37, a party is permitted to file a motion to compel discovery where another party fails to respond to interrogatories or requests for production of documents. See Fed. R. Civ. P. 37(a)(3)(B)(iii) and (iv). The movant "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Additionally, Civil Local Rule 37 requires the movant to "recite the date and time of the conference or conferences and the names of all parties participating in the conference or conferences." A motion to compel discovery pursuant to Rule 37(a) is addressed to the sound discretion of the trial court. EEOC v. Klockner H & K Machines, Inc., 168 F.R.D. 233, 235 (E.D. Wis. 1996) (citation omitted).

Plaintiff wrote two letters to defendants on April 8, 2012, expressing his dissatisfaction with the responses. Given the communication restrictions on inmates, I will deem this sufficient to satisfy Rule 37(a)(1) and Civil Local Rule 37.

Moving to the substance of plaintiff's motions to compel, I have reviewed defendants' discovery responses and consider them adequate. Defendants' objections were appropriate, and they also responded subject to those objections. As defendants noted, the waiver of objections is a sanction that I cannot impose unless a party violates a court order. Plaintiff's motions to compel will be denied.

On June 4, 2012, plaintiff filed a motion to dismiss docket entries 52 through 59 (defendants' motion for summary judgment and supporting documents and their response to plaintiff's motion for partial summary judgment) because he had not been served with a copy of them when they were filed with the court. Defendants responded by immediately reserving the documents on the plaintiff. Unfortunately, plaintiff was transferred again and did not receive the second set of documents either. Once again, defendants remedied the problem by resending the materials to plaintiff's new institution. Plaintiff filed his response to those documents within 30 days, and the court considers plaintiff's response timely. Plaintiff suffered no prejudice, and there is no need to dismiss those docket entries. This motion will be denied.

On October 24, 2012, plaintiff filed a motion to certify class. Under Federal Rule of Civil Procedure 23(a), a plaintiff can sue as a representative of or on behalf of parties only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. As a pro se litigant, plaintiff is unable to represent other individuals and thus cannot provide adequate legal representation to a class. Thus, this motion will be denied without prejudice.

On November 5, 2012, the court received a supplemental brief from plaintiff in opposition to defendants' motion for summary judgment and in support of his own motion for partial summary judgment. Defendants filed a motion to strike this supplemental brief. "Collateral motions, such as motions to strike, are disfavored." Civil L.R. 59(b)(9). Plaintiff's supplemental brief was very late and was not authorized in advance by the court.

Nevertheless, because plaintiff is pro se, I will consider the arguments in the supplemental brief in evaluating the parties motions for summary judgment.

**THEREFORE, IT IS ORDERED** that plaintiff's motion to compel discovery (Docket #60) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to dismiss docket entries 52–59 (Docket #67) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's second motion to compel discovery (Docket #77) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to certify class (Docket #97) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that defendants' motion to strike plaintiff's supplemental brief (Docket #105) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 28th day of March, 2013.

                        s/ Lynn Adelman
                        LYNN ADELMAN
                        District Judge

4

Case 2:11-cv-00968-LA   Filed 03/28/13   Page 4 of 4   Document 111